IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALAN ROSS,                                                                                    PETITIONER

v.                                                                                    No. 3:04CV35-B-B

CHRISTOPHER EPPS, ET AL.                                                              RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Mississippi prisoner Alan Ross for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved August 15, 2005, to dismiss the petition as untimely filed. The petitioner responded November 17, 2005. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

The petitioner entered a plea of guilty to the charge of sale of cocaine in the Circuit Court of Pontotoc County, Mississippi, and was sentenced on December 9, 1998, to serve a term of twenty years in the custody of the Mississippi Department of Corrections – with eight years suspended and five years of post-release supervision. There is no direct appeal from a guilty plea in Mississippi, MISS. CODE ANN. § 99-35-101, although the Mississippi Supreme Court carved out an exception to this rule, allowing an appeal from a guilty plea within thirty days – when the issue concerns an alleged illegal sentence. *Burns v. State*, 344 So.2d 1189 (Miss. 1977).

On June 14, 1999, the petitioner filed a "Motion For Post-Conviction Collateral Relief/Request To Withdraw Guilty Plea" in the Pontotoc County Circuit Court; that motion was denied by Order filed February 7, 2001. The petitioner signed a second post-conviction motion on

November 6, 2002 (*see* Exhibit L to instant federal petition for a writ of *habeas corpus*), which was dismissed on March 3, 2003, as a successive petition. The petitioner filed a "Writ To Take Plain Error" in the Mississippi Supreme Court on November 17, 2003; the petition was dismissed as not being properly before the court on February 12, 2004. The petitioner then appealed the circuit court's denial of his post-conviction motion to the Mississippi Supreme Court. The Mississippi Court of Appeals affirmed the circuit court's decision December 18, 2001. *Ross v. State*, 802 So.2d 171 (Miss. App. 2001)(Cause Number 2001-CP-00486-COA).

## Discussion

The petitioner's conviction became final on January 8, 1999, thirty days after he was sentenced on his guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, with no tolling applied, the deadline for filing the instant petition would January 10, 2000, one year after his conviction became final.[1] The one-year statute of limitations was tolled for 918 days, however, between June 14, 1999, when the petitioner initiated state post-conviction proceedings, and December 18, 2001, when the Mississippi Court of Appeals affirmed the circuit court's denial of post-conviction relief. The 918 days of tolling moved the new deadline for federal *habeas corpus* from January 10, 2000, to July 16, 2002. The petitioner's pleadings filed after this date (a second post-conviction motion on November 6, 2002, and a "Writ To Take Plain Error" filed November 17, 2003) would not operate to toll the federal limitations statute; the petitioner filed those documents after the limitations period, as extended, had expired.

---

[1]The deadline for filing the petitioner's federal *habeas corpus* petition would have been January 8, 2000, but because January 8, 2000, fell on a Saturday, the petitioner had until the following business day – January 10, 2000 – to file his petition.

-2-

Under the "mailbox rule," the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Therefore, the instant petition was "filed" sometime between the date it was signed on February 25, 2004, and the date it was received and stamped as "filed" in the district court on March 1, 2004. Hence, the petition was filed some 589 days to 594 days after the July 16, 2002, federal deadline. The instant petition for a writ of *habeas corpus* shall thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of December, 2005.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE